### SEBE FROSH v. THE STATE.

PLEA OF GUILTY is not legal or valid and will not support a conviction unless the accused was admonished of its consequences, and unless the other requirements of the Code were complied with. The record on appeal must affirmatively show conformity with the prerequisites, or the conviction will be set aside as though no plea was made by or entered for the defendant.

APPEAL from the District Court of Washington. Tried below before the Hon. I. B. McFARLAND.

The charge was burglary with intent to steal, and a term of two years in the penitentiary was the punishment assessed by the jury.

No brief for the appellants.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The record shows that defendant pleaded guilty, and nothing further on the subject of his plea. This is not sufficient. It must appear from the record that defendant was admonished by the court as to the consequences of such a plea; that he was sane and uninfluenced by any considerations of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt. A plea of guilty without these prerequisites is not legal, and consequently a judgment thereon is one rendered without plea, and is, of course, without authority in law.

The plea upon which the judgment was rendered being insufficient in law, the judgment must be reversed and the cause remanded. Code Crim. Proc. arts. 534, 518 and 519; *Saunders* v. *State*, 10 Texas Ct. App. 336; *Wallace* v. *State*, 10 Texas Ct. App. 407.

*Reversed and remanded.*